## WILLS.

[Circuit Court of Cuyahoga County.]

JOHN COON, EXECUTOR, v. WM. B. DEMOORE ET AL.

Decided, July 25, 1903.

*Husband Not Mentioned in Wife's Will—Bequests of Realty, Where Decedent's Holdings Were Technically Personalty, Distributed in Accordance With Manifest Intention as Expressed in Will.*

Mrs. DeM. died, leaving a will in which her husband was not mentioned. She bequeathed to Mrs. C. and Mrs. S̈. each a "one-half interest in fee simple in all my realty, wheresoever located, of which I may die possessed."  It developed after her death that she owned no real estate whatever, but was a *cestui que trustent* of real estate in New York City, devised by her first husband.  This interest, it was conceded at the trial, was as to her personalty.

*Held:* That the estate of her second husband, who was surviving at the time of her death, takes the share to which the husband would have been entitled had the wife died intestate, including his interest in the will devising the New York property; and, following the evident intention expressed in the will, Mrs. C. and Mrs. S. each take one-half of the testatrix's interest in the property in New York.

MARVIN, J.; LAUBIE, J., and WINCH, J., concur.

Appeal by defendant, V. A. Coon.

The case of John Coon, executor, against William B. DeMoore and others is here on appeal, and the purpose of the suit is to determine the rights of the several defendants in the property of which Ruth DeMoore was seized at the time of her death.

William B. Moore, since the suit was brought, has died, and one Snyder has been appointed as executor of his will, and he is made a party in the case, the case being revived in his name in place of that of William B. DeMoore.

Ruth DeMoore was the wife of William B. DeMoore. She died in this county and left a will, a codicil of which is the matter to be considered here, for it is under this codicil that the rights of the parties are to be determined in connection with the will. It reads as follows:

"I hereby give and bequeath to Mrs. Verona Coon one-half interest in fee simple in all my realty wheresoever located of which I may die possessed, and the other half of said realty I give, devise and bequeath to Mrs. Julia Stevens, wife of A. J. Stevens, of Cleveland. I also give all my personalty, including, jewelry, diamonds, clothing and furniture of which I may die possessed of to said Julia Stevens."

In the will of Ruth DeMoore she nowhere mentions her husband. She made no provision for him.

The Revised Statutes of Ohio, Section 4176, provide for the distribution of personal property where one dies intestate, and it provides that one dying intestate, leaving a widow or widower, that said widow or widower shall be entitled to have distributed to him one-half of the first $400 of the personalty which shall be left after the payment of debts, and one-third of all the balance.

Section 5963 of the Revised Statutes provides that where one shall die testate, owning personal property, and leaving a will in which no provision is made for the widow or widower, such widow or widower, the relict of the testator, may elect whether to take the provisions of the will or the distributive portion to which said relict would be entitled in case the testator had died intestate.

It, of course, is conceded that under the exact language of these statutes, this widower would be entitled to no distributive portion, because the distributive portion is provided for one intestate, and it is provided for one leaving a will in which some provision is made for the relict widow or widower. In this case neither of these two facts existed. The widow did not die intestate, and she did not die leaving any provision for her surviving husband.

The Supreme Court of our state, in *Doyle* v. *Doyle,* 50 O. S., 330, have construed those statutes, and have said that the estate, when one dies leaving a well in which no provision is made for the surviving widow or widower, the estate in such case is to be treated as though the party had died intestate. Each of the sections which provides for a widow, provides, in the same connection, for the widower, and reads that when one shall die leaving a widow or widower, as in the case of *Doyle* v. *Doyle,* it is provided that in whatever personal estate the testator (I say testator because I think it is the right word for either sex) leaves, the husband is entitled to a distributive portion as though the wife had died intestate.

What was that personal property of which she was seized at the time of her death?

She had certain moneys, certain chattels, and she had whatever came to her by the third item of the will of Robert M. Walduck, deceased. She, at the time of his death, was left his widow, and subsequently married William DeMoore.

The third item of the will of Robert M. Walduck provides:

"I give, devise and bequeath all that certain house and lot situate, lying and being at the northeasterly corner of Sixth avenue and Eighth street in the city of New York, being the same property as mentioned and bounded in a certain deed made and executed by Philo T. Ruggles, master in chancery, to me, the said Robert M. Walduck, bearing date 24th March, 1847, and recorded in the office of the Register of the City and County of New York in liber 48 of Conveyances, page 161, March 24th, 1847; the dimensions whereof being twenty-four feet three inches in width by seventy-seven feet seven inches in length, more or less, and which premises is now subject to two separate mortgages amounting together to the sum of fifteen thousand five hundred dollars as subsisting liens therein,

said property being also subject to a certain lease to James W. Scott and John W. Earle for the unexpired term of eight years from and after 1st October, 1875, at an annual rent of thirty-nine hundred dollars, payable monthly. Also all the rest, residue and remainder of any other real and personal estate of what kind or nature soever, or wheresoever situated, other than that hereinbefore bequeathed in and by the second clause of this, my will, of which I may die seized or possessed, unto David M. Walduck, as my executor and trustee as hereinafter named, to have and to hold the same upon trust, to take charge of, manage, collect and receive the rents and profits thereof, and out of the same to pay taxes, assessments, interest and insurance or other charges in relation thereto, and also pay all or any just debts—funeral and testamentary expenses appertaining or connected with the management of said estate, for, during and until my said executor and trustee in his judgment shall deem it safe and for the interest of the *cestui que trusts,* hereinafter named, to have a sale of said trust estate without sacrifice, and during such period until such disposition and sale of said trust property, my said trustee, or his successor after he shall have made said collections and payments as herein last above stated, he shall pay out of the net balance, if any remaining in his possession, the sum of seventy dollars per month to my dear wife, Ruth Walduck, for and during the present period until the said property shall be sold as hereinbefore mentioned; and for and during the like period after the payment of the said seventy dollars per month out of said fund, the net balance of said revenue shall be equally divided and paid over by my said trustee to" certain parties named in this item of the will.

This property had not been sold by that trustee when Mrs. (Walduck) DeMoore died.

It is conceded by counsel representing all the parties here, and would be so if it were not conceded, that whatever interest Mrs. DeMoore had in this real estate described in the will of Robert M. Walduck, was personal as to her. She had no title to any real estate. Hence all the personal property, other than this interest in this real estate—all this interest was as to her personal. That being true, the surviving husband was entitled to distribution out of the entire estate.

But there remains still this question.

It should be said that when Mrs. DeMoore died she had no interest in any real estate in the world except so far as the

evidence shows, whatever interest she had in this New York property.   Yet, by her will, she says:

"I hereby give and bequeath to Mrs. Verona Coon one-half interest in fee simple in all my realty wheresoever located of which I may die possessed, and the other half of said realty I give, devise and bequeath to Mrs. Julia Stevens, wife of A. J. Stevens, of Cleveland.   I also give all my personalty, including jewelry, diamonds, clothing and furniture of which I may die possessed of to said Julia Stevens."

Now it is said on behalf of Julia Stevens that since Mrs. DeMoore left nothing but personal property, her interest in the New York property being personal, there was nothing for Mrs. Coon; Mrs. DeMoore had no realty and as she gave all her personal property to Mrs. Stevens, Mrs. Coon was left without anything.   If this language of the will is to be held to this strictly technical meaning, that result would follow.

It is evident that Mrs. DeMoore, when she executed this will, meant something when she used this word "bequeath" applicable to personalty and real estate.   When she bequeathed this to Mrs. Coon, she meant something in her will.   It could mean nothing if by the interpretation or construction of this codicil it is to be said that her interest in that property in New York was personal.   It was technically, personal.

Her husband was entitled to distribution in it as personalty.

Indeed, the first consideration of wills is to give such construction as will carry out the *intention* of the testator, if that can be done without violating the words of the will.

It is said that Mrs. Coon can get nothing, for this woman had no real estate; she had no realty; her estate in this property was not real; that she only had personalty.   It is true that Mrs. DeMoore had no fee title; all the interest she had was an equitable one.

Can it be doubted that she meant by this item in her will, that whatever interest she had in this realty should go one-half to Mrs. Stevens and one-half to Mrs. Coon?   The language in which Mrs. Coon's name is mentioned would be idle, would be meaningless, unless this woman had this in her mind.

Without going further into this, the authorities are numer-

ous that in the construction of a will one must look into the *meaning.* Another is, that you must not *make* a will for the testator, or substitute anything, but if you know just what the testator meant and intended to do and can ascertain that from the language of the will, you can carry that into effect.

Numerous authorities have been examined, but we have not had time to write out an opinion in this case.

The authorities are so well collected in Underhill on the Law of Wills, and especially in Chapter 14 of Underhill on the Law of Wills and the authorities so fully cited there, that we think, in that chapter and the authorities there cited, and especially in Section 24 as I recollect it, that they fully justify the conclusion at which we have arrived.

There is not a particle of doubt in my mind, or in that of any of the court, that the authorities authorize us to make this finding: That Snyder, the executor of Wm. B. DeMoore, take the distribution to which DeMoore would have been entitled if his wife had died intestate, including his interest in this will; that Mrs. Coon take one-half and Mrs. Stevens one-half, together with all the other personal property, and the decree will be drawn accordingly.

*John T. Sullivan,* for plaintiff.

*J. S. Grannis, John T. Sullivan, Caskey & Calhoun,* for defendants.